OPINION
This appeal emanates from a final judgment of the Lake County Court of Common Pleas. Appellant, Steven A. Brock, seeks the reversal of the trial court's determination that he is a sexual predator who must follow the various requirements of R.C. Chapter 2950.
In March 1990, appellant entered a plea of "guilty" to a single count of attempted kidnapping, a third-degree felony under R.C. 2905.01 and 2923.01. Upon accepting this plea, the trial court sentenced appellant to an indefinite term of five to ten years in a state penitentiary.
As of November 1999, appellant was still confined at the Mansfield Correctional Institution. At that time, the trial court rendered a judgment ordering that appellant be transported to Lake County so that a hearing could be held on the issue of whether he was a sexual offender under R.C. Chapter 2950. Before the matter could go forward, appellant moved the trial court to dismiss the "sexual offender" proceedings on the basis that the relevant statutory scheme was unconstitutional. After the state had responded, the trial court issued a separate judgment overruling appellant's motion.
The hearing on the sexual offender determination went forward on December 20, 1999. Based upon the evidence presented, the trial court expressly found that appellant was a sexual predator who had to comply with the various requirements of the sexual offender laws. Specifically, the trial court found that appellant had been convicted of a sexually oriented offense and that he was likely to engage in such behavior again in the future.
In now appealing the sexual predator decision, appellant has raised six assignments of error for our consideration. Under each of these assignments, appellant has asserted a separate argument concerning the constitutionality of the sexual offender laws. That is, appellant argues that R.C. Chapter 2950 is invalid because: (1) the laws violate a defendant's right to equal protection of the law; (2) the laws are impermissibly vague; (3) the laws violate a defendant's natural law rights under Section One, Article I of the Ohio Constitution; (4) the laws violate the prohibition against double jeopardy; (5) the laws violate the prohibition against ex post facto statutes; and (6) the laws allow for the imposition of a sanction which constitutes a cruel and unusual punishment.
In relation to appellant's first four arguments, this court would simply note that the Supreme Court of Ohio has recently rejected each of these exact arguments. In State v. Williams
(2000), 88 Ohio St.3d 513, the court held that the statutory scheme did not violate the right to equal protection because there was a rational basis for applying the laws only to those sexual offenders who have not been released from prison. As to the vagueness argument, the court concluded that the statutory scheme set forth sufficient guidelines to a trial court for determining when the state has satisfied its burden of proof on the sexual predator issue. In regard to the natural law argument, theWilliams court stated that the sexual offender laws did not violate Section One, Article I because the laws did not improperly impinge upon the rights to privacy, a favorable reputation, the acquisition of property, and the ability to pursue an occupation. Finally, concerning the double jeopardy argument, the Williams
decision held that this constitutional prohibition was inapplicable to this instance because the registration and notification requirements did not constitute punishment.
In relation to appellant's fifth argument, we would indicate that this specific point has also been considered by the Supreme Court of Ohio. In State v. Cook (1998), 83 Ohio St.3d 404, the court expressly held that the retroactive application of the sexual offender laws did not violate the Ex Post Facto Clause of the Federal Constitution and the Retroactivity Clause of the Ohio Constitution.
Finally, as to appellant's sixth argument, our review of the relevant Supreme Court case law shows that that court has never addressed the issue of whether the imposition of the requirements under R.C. Chapter 2950 constitutes cruel and unusual punishment. However, in Cook, the court did state that the registration and notification requirements were not punitive in nature, but instead were merely remedial provisions. In light of the Supreme Court's characterization of the effect of the various requirements upon an offender, it logically follows that the constitutional prohibition against cruel and unusual punishment cannot be applied to R.C. Chapter 2950. See State v. Ihle (May 5, 2000), Auglaize App. No. 2-2000-05, unreported.
Pursuant to the foregoing discussion, each of appellant's six assignments of error lacks merit. Accordingly, the judgment of the trial court is affirmed.
 ______________________________________________________ DONALD R. FORD, PRESIDING JUDGE
CHRISTLEY, J., NADER, J., concur.